NUMBER 13-11-00485-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE BOBBY KISER JR.

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Benavides, Vela, and Perkes

Memorandum Opinion Per Curiam[1]

Relator, Bobby
Kiser Jr., proceeding pro se, filed a petition for writ of mandamus and “Motion
for the Suspension of Rules” on July 20, 2011, through which he seeks to compel
the trial court clerk to receive and file various post-judgment motions. 
According to allegations in the petition, relator was convicted of theft
pursuant to a plea bargain on February 7, 2011.  Relator contends that he
mailed the following documents to the trial court clerk on the stated dates without
receiving any response:  “Defendant’s Motion to Vacate Judgment” on April 28,
2011; “Defendant’s Motion to Await Disposition of Ruling, “Defendant’s Written
Notice of Appeal,” and “Defendant’s Motion for Permission in Leave,” on May 26,
2011; and an “official letter” asking for information on any of his motions and
appeal on June 6, 2011.  Relator seeks an order directing the trial court clerk
to file relator’s motions, set them for hearing, and transmit his appeal to the
appropriate court.  We dismiss this original proceeding as stated herein.

I.  Standard
of Review

To be entitled to
mandamus relief, relator must establish both that he has no adequate remedy at
law to redress his alleged harm, and that what he seeks to compel is a
ministerial act not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007).  If relator fails to meet both of these
requirements, then the petition for writ of mandamus should be denied.   See
id.   In addition to other requirements, relator must include a statement
of facts supported by citations to “competent evidence included in the appendix
or record,” and must also provide “a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the appendix
or record.”  See generally Tex.
R. App. P. 52.3.  In this regard, it is clear that relator must furnish
an appendix or record sufficient to support the claim for mandamus relief.  See
id. R. 52.3(k) (specifying the required contents for the appendix); R.
52.7(a) (specifying the required contents for the record).

II.  Analysis

By
his “Motion for the Suspension of Rules,” relator seeks to “allow his Writ of
Mandamus without the proper form and contents.”  We deny this motion, because
even though relator is appearing pro se, it is his burden to properly
request and show entitlement to mandamus relief.  Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) (“Even a
pro se applicant for a writ of mandamus must show himself entitled to the
extraordinary relief he seeks.”).  In this regard, relator’s petition for writ
of mandamus lacks a certification and required documentation in his appendix
and record.  We note, for instance, that the record before us fails to contain
the judgment of conviction or any certification of defendant's right of appeal.

More
saliently, however, this Court does not have mandamus jurisdiction over
clerks unless it is shown that issuance of the writ is necessary to enforce our
jurisdiction.  See Tex. Gov't
Code Ann. § 22.221(a), (b) (West 2004); In re Smith, 263 S.W.3d
93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); In re
Washington, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig.
proceeding); In re Coronado, 980 S.W.2d 691, 692 (Tex. App.—San Antonio
1998, orig. proceeding); see also In re Nubine, No. 13-08-507-CV, 2008
Tex. App. LEXIS 6534, at *1 (Tex. App.—Corpus Christi Aug. 27, 2008, orig.
proceeding) (per curiam) (mem. op).  For instance, mandamus relief is
appropriate when a trial court clerk fails to file and forward a notice of
appeal to the appropriate court of appeals.  In re Smith, 270 S.W.3d 783,
785 (Tex. App.—Waco 2008, orig. proceeding); Smith, 263 S.W.3d at 95-96;
Washington, 7 S.W.3d at 182; see also Aranda v. District Clerk Clerk,
207 S.W.3d 785, 786-87 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam)
(granting mandamus relief where district clerk failed to file post-conviction
habeas application).  However, while courts of appeals have mandamus
jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has
jurisdiction over matters related to post-conviction relief from otherwise
final felony convictions or matters relating to out-of-time appeals.  See Tex. Code Crim. Proc. Ann. art. 11.07
§ 3 (West Supp. 2010); Ex parte Garcia, 988 S.W.2d 240, 241 (Tex. Crim.
App. 1999); In re McAfee, 53 S.W.3d 715, 717 (Tex. App.–Houston [1st
Dist.] 2001, orig. proceeding). 

III. 
Conclusion

The Court, having
examined and fully considered the petition for writ of mandamus, is of the
opinion that we lack jurisdiction to consider this matter.  Accordingly, the
petition for writ of mandamus is DISMISSED for want of jurisdiction.  See Tex. R. App. P. 52.8(a).

 

 

                                               
                                            

                                                                                    PER
CURIAM

 

Do not publish.  Tex.
R. App. P. 47.2(b).

 

Delivered and filed this the      

4th day of August, 2011.

 

                                                            









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).