

NUMBER 13-11-00485-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE BOBBY KISER JR.

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Justices Benavides, Vela, and Perkes
Memorandum Opinion Per Curiam[1]

Relator, Bobby Kiser Jr., proceeding pro se, filed a petition for writ of mandamus and "Motion for the Suspension of Rules" on July 20, 2011, through which he seeks to compel the trial court clerk to receive and file various post-judgment motions. According to allegations in the petition, relator was convicted of theft pursuant to a plea bargain on February 7, 2011. Relator contends that he mailed the following documents to the trial court clerk on the stated dates without receiving any response: "Defendant's Motion to Vacate Judgment" on April 28, 2011; "Defendant's Motion to Await Disposition of Ruling,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

"Defendant's Written Notice of Appeal," and "Defendant's Motion for Permission in Leave," on May 26, 2011; and an "official letter" asking for information on any of his motions and appeal on June 6, 2011. Relator seeks an order directing the trial court clerk to file relator's motions, set them for hearing, and transmit his appeal to the appropriate court. We dismiss this original proceeding as stated herein.

## I. STANDARD OF REVIEW

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

## II. ANALYSIS

By his "Motion for the Suspension of Rules," relator seeks to "allow his Writ of Mandamus without the proper form and contents." We deny this motion, because even though relator is appearing pro se, it is his burden to properly request and show

entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, relator's petition for writ of mandamus lacks a certification and required documentation in his appendix and record. We note, for instance, that the record before us fails to contain the judgment of conviction or any certification of defendant's right of appeal.

More saliently, however, this Court does not have mandamus jurisdiction over clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *see also In re Nubine*, No. 13-08-507-CV, 2008 Tex. App. LEXIS 6534, at *1 (Tex. App.—Corpus Christi Aug. 27, 2008, orig. proceeding) (per curiam) (mem. op). For instance, mandamus relief is appropriate when a trial court clerk fails to file and forward a notice of appeal to the appropriate court of appeals. *In re Smith*, 270 S.W.3d 783, 785 (Tex. App.—Waco 2008, orig. proceeding); *Smith*, 263 S.W.3d at 95-96; *Washington*, 7 S.W.3d at 182; *see also Aranda v. District Clerk Clerk*, 207 S.W.3d 785, 786-87 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam) (granting mandamus relief where district clerk failed to file post-conviction habeas application). However, while courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief

from otherwise final felony convictions or matters relating to out-of-time appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (West Supp. 2010); *Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding).

## III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction to consider this matter. Accordingly, the petition for writ of mandamus is DISMISSED for want of jurisdiction. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed this the
4th day of August, 2011.

4