**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 4, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00760-CV

_____

### IN RE GEORGE A. BUTLER, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-67075**

## M E M O R A N D U M   O P I N I O N

On September 6, 2011, relator George A. Butler filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Alexandra Smoots-Hogan, presiding judge of the 164th District Court of Harris County, has not ruled on his motion for rehearing filed April 14, 2011. According to relator's petition, on March 25, 2011, the trial court granted the special exceptions and motion to dismiss filed by the real party in

interest, Rolls-Royce Energy Systems, Inc.[1]   Relator asserts that he timely filed a motion for rehearing, and the trial court has not ruled on his motion.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal.  *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly.  *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). The relator must generally establish three prerequisites for the issuance of a writ of mandamus: (1) the trial court had a legal duty to act; (2) there was a demand for performance; and (3) there was a refusal to act.  *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling on that motion is a ministerial act, and mandamus may issue to compel the trial court to act.  *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).  To establish that the trial court refused to rule on a pending motion, the relator must provide a record that shows that the relator asked the trial court for a hearing and a ruling on his motion and the trial court refused to hold a hearing and to rule.  *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).  Simply showing that a motion was filed with the clerk does not constitute proof that the motion was brought to the trial court's attention or that it was presented to the trial court with a request for a ruling.  *Id.*; *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding).

---

[1]   Relator has not included a copy of the trial court's dismissal order in the mandamus record.  The dismissal order may be final and appealable, but this court cannot establish finality on the record before us. Mandamus is inappropriate when there is an adequate remedy at law.  *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

The mandamus record before this court does not contain any evidence that relator presented his motion for rehearing to the trial court with a request for a ruling.   Relator has not established that he is entitled to mandamus relief.   Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.