**Opinion issued May 1, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-13-00873-CR

—————————————

## IN RE DANIEL HARRIS, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator, Daniel Harris, has filed a petition for writ of mandamus, complaining that the Harris County District Clerk has not provided him documents regarding his post-conviction writ of habeas corpus, sent documents to the Texas

Court of Criminal Appeals, and complied with a clerk's duties in a criminal proceeding.[1]

This Court does not have jurisdiction to grant relator's requested relief. By statute, we have the authority only to issue a writ of mandamus against a district court judge or a county court judge within the Court's jurisdiction, and may issue all writs necessary to enforce this Court's appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)–(b) (West 2004). We have no jurisdiction to issue a writ of mandamus against a district clerk except to protect our jurisdiction. *In re Smith*, 263 S.W.3d 93, 94 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (citing *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding)).

Moreover, we have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under Texas Code of Criminal Procedure article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a), (b) (West Supp. 2013); *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *see also In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (noting that only Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings).

---

[1] Harris's petition indicates that the underlying proceeding is cause number 1204054-A, styled *Ex parte Daniel Harris*, in the 182nd District Court of Harris County, Texas, the Honorable Jeannine Barr presiding.

## Conclusion

Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).