**Opinion issued September 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00638-CR

———————————

## THOMAS MATTHEW NEVEU, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 240th District Court
### Fort Bend County, Texas
### Trial Court Case No. 96-DCR-028573

---

## MEMORANDUM OPINION

On July 28, 2014, appellant, Thomas Matthew Neveu, Jr., proceeding pro se, filed a notice of appeal seeking to challenge an order signed by the Honorable Olen Underwood denying his motion to recuse the Honorable Thomas R. Culver III from participating in the resolution of his motion to set aside the judgment as void.

Subsequently, on September 10, 2014, Neveu filed an "Appellant's Brief," requesting that we remand this case for the trial court to rule on three motions appellant filed in the trial court or, in the alternative, that we issue a writ of mandamus ordering the trial court to rule on the motions. We dismiss the appeal and deny the request for a writ of mandamus.

Neveu was convicted in trial court cause number 96-DCR-028573 of aggravated sexual assault and was sentenced to 50 years' imprisonment. On April 7, 2014, Neveu filed a "Motion to Set Aside Void Judgment," arguing that his judgment of conviction for aggravated sexual assault is void. On June 2, 2014, Neveu filed a motion to recuse the trial court judge. On July 11, 2014, the trial court judge declined to recuse himself and referred the motion to the regional presiding judge. On July 16, 2014, the regional presiding judge denied the motion. Neveu filed a notice of appeal on July 28, 2014.

The procedures for recusal of judges, in both civil and criminal cases, is set out in Texas Rule of Civil Procedure 18a. *See* TEX. R. CIV. P. 18a; *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993). Under Rule 18a, an "order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." TEX. R. CIV. P. 18a(j)(1)(A). Nothing in the rule confers a right to an interlocutory appeal from an order denying a motion to recuse. *See Hranicky v. State*, No. 01-11-00557-CR, 2013 WL 1804495, at *1 (Tex. App.—

2

Houston [1st Dist.] Apr. 30, 2013, pet. ref'd) (not designated for publication). "We have no jurisdiction to review interlocutory orders except in narrow circumstances not present here." *Means v. State*, 825 S.W.2d 260, 260 (Tex. App.—Houston [1st Dist.] 1992, no writ) (dismissing interlocutory appeal from order denying motion for recusal for lack of jurisdiction).

Nevertheless, Neveu filed an "Appellant's Brief" on September 10, 2014, in which he requests that we exercise our original jurisdiction under Texas Rule of Appellate Procedure 52 and "issue mandamus relief directing the trial court to rule on the motions that are 'pending' before the court." Because Neveu specifically requested mandamus relief, we treat his brief as a petition for writ of mandamus. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452–54 (Tex. 2011).

In his brief, Neveu contends that he filed three motions—a motion for nunc pro tunc judgment, a motion to set aside the judgment as void, and a motion for an order setting a hearing—that have been pending since December 30, 2013, April 7, 2014, and April 21, 2014, respectively. Neveu argues that he filed a motion to recuse the trial court judge "because he refused to rule on three motions that was [sic] filed by appellant and had been 'pending' 280 days before the court." Neveu, however, fails to identify the trial court judge as a respondent and as a party to this proceeding, fails to provide a copy of the motion for nunc pro tunc judgment or a copy of the motion for an order setting a hearing, and fails to provide evidence

3

showing that the motions were called to the trial court's attention and that the purported delay in ruling on the motions was unreasonable. *See* TEX. R. APP. P. 52.2, 52.3(a), (k)(1)(A), 52.7(a)(1); *In re Hickman-Bey*, No. 13-11-00573-CV, 2011 WL 4529474, at *1–2 (Tex. App.—Corpus Christi Sept. 16, 2011, orig. proceeding) (mem. op.); *In re Ryan*, No. 07-09-0183-CV, 2009 WL 1940911, at *1–2 (Tex. App.—Amarillo July 7, 2009, orig. proceeding) (mem. op.); *In re Blakeney*, 254 S.W.3d 659, 661–63 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding).

Accordingly, to the extent Neveu is attempting to appeal from the trial court's interlocutory order denying his motion to recuse, we dismiss the appeal for want of jurisdiction. To the extent we treat his brief as a petition for writ of mandamus, we deny the petition. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).

4