**Opinion issued December 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-14-00970-CR

_____

### IN RE WILLIAM T. HICKMAN, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator William T. Hickman has filed a petition for writ of mandamus requesting that we compel the district court clerk to transmit to the Texas Court of Criminal Appeals relator's post-conviction application for writ of habeas corpus, any answer filed, and a certificate "reciting the date upon which that finding was

made if the convicting court decides that there are no issues to be resolved."[*] We dismiss the petition for lack of jurisdiction.

Our power to issue writs is defined in Section 22.221 of the Texas Government Code, which grants the courts of appeals the authority to issue (1) writs of mandamus and other writs necessary to enforce their jurisdiction; (2) writs of mandamus against a judge of a district or county court in the court of appeals' district; and (3) writs of habeas corpus under specifically defined circumstances involving contempt orders in civil cases. *See* TEX. GOV'T CODE § 22.221 (West 2004). This court has mandamus jurisdiction over a district court clerk only when the district court clerk's actions interfere with this court's jurisdiction. *See id.*; *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Hickman has not established that the district court clerk's actions interfere with this court's jurisdiction because intermediate courts of appeals lack jurisdiction over post-conviction petitions for habeas corpus relief in felony cases. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting habeas corpus jurisdiction of intermediate courts of appeals to civil matters); TEX. CODE. CRIM. PROC. ANN. art. 11.05 (West 2005) (granting original jurisdiction in cases seeking writs of habeas corpus in criminal cases to the court of criminal appeals, districts courts, and county courts).

---

[*] The underlying case is *Ex parte William Thomas Hickman*, cause number 1386429-A in the 230th District Court of Harris County, Texas, the Honorable Brad Hart presiding.

To the extent that Hickman seeks a writ of mandamus against the trial court as well as the district court clerk, we still lack jurisdiction to issue the requested writ. Because Hickman asserts that he filed an Article 11.07 application for habeas corpus with the trial court, his mandamus petition pertains to a pending post-conviction habeas corpus application involving a final felony conviction. The Court of Criminal Appeals has exclusive jurisdiction to grant relief on matters pertaining to a pending post-conviction habeas corpus application relating to a final felony conviction. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013); TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014). Consequently, any complaints about action or inaction on a matter related to Hickman's post-conviction petition for writ of habeas corpus must be brought by mandamus to the Court of Criminal Appeals and not to this court. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, we dismiss the petition for want of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).