In re Rick D. SMITH, Relator.

No. 01–06–00532–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 14, 2006.

Rick D. Smith, Angleton, pro se.

Ben Hardin, pro se.

Carol M. Garcia, Assistant Atty. Gen., Austin, for Appellee.

Panel consists of Justices KEYES, ALCALA, and BLAND.

**OPINION**

JANE BLAND, Justice.

Relator Rick D. Smith, an inmate in the Texas Department of Criminal Justice–Institutional Division ("TDCJ"), proceeding pro se and in forma pauperis, filed the underlying negligence suit against the TDCJ for personal injuries he allegedly sustained while riding in a TDCJ van. On February 27, 2006, the trial court dismissed the suit.[1] Smith contends that, subsequent to the dismissal, he tendered to the Brazoria County District Clerk, Jerry Deere, a request for findings of fact and conclusions of law, a motion to reinstate, an amended petition, and a notice of appeal. Smith contends that the clerk returned these items to him, unfiled, with a handwritten note stating that the items were untimely filed. Smith has filed a petition for writ of mandamus asking this Court to (1) direct the clerk to file his motions, amended petition, and notice of appeal; (2) direct the trial court to rule on these items; and (3) direct the trial court to vacate its February 27, 2006 order of dismissal.[2]

To the extent Smith complains that the district clerk refused to file the items Smith tendered, we conditionally grant the petition for writ of mandamus.

**Background**

Smith filed his suit on November 22, 2005, the facts of which are not in the record. The trial court dismissed the suit on the pleadings on February 27, 2006. According to Smith, the following occurred subsequent to the dismissal:

---

1. The underlying suit is *Rick D. Smith v. Texas Dept. of Criminal Justice, Institutional Division; Doug Dretke, Director; John Doe,* No. 35960 (23rd Dist. Ct., Brazoria County, Tex.). Smith states that his petition was dismissed because it failed to state a cause of action.

2. The respondents are The Honorable Ben Hardin of the 23rd District Court of Brazoria County and Brazoria County District Clerk, Jerry Deere.

- March 12, 2006: Smith tendered to the district clerk a first request for findings of fact and conclusions of law.
- March 14, 2006: Smith tendered a verified motion to reinstate.
- April 13, 2006: Smith tendered an amended petition and a motion for hearing on his motion to reinstate.
- May 6, 2006: Smith tendered a second request for findings of fact and conclusions of law and a notice of appeal.
- May 20, 2006: the district clerk returned all of the items to Smith, unfiled, with a handwritten note that the items were untimely.

The documents do not contain date stamps or other markings by the district clerk. The handwritten note from the clerk is on letterhead, but is undated and unsigned. In its response, the real party states that "[o]n or about May 20, 2006, the Brazoria County District Clerk's Office returned to the Relator all of the foregoing pleadings, mailed subsequent to the February 27, 2006 Order granting [Dretke's] Motion To Dismiss, due to their being untimely filed."

### Clerk's Refusal to File

■ Smith contends that the district clerk improperly refused to file his requests, motions, amended petition, and notice of appeal. Smith contends that such refusal has denied him access to the appellate court and the ability to seek a meaningful appeal.

■ This court does not have jurisdiction to issue a writ of mandamus against a district clerk unless such is necessary to enforce our jurisdiction. *In re Washington*, 7 S.W.3d 181, 182 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding). Once a notice of appeal is delivered to the clerk for filing, whether it is timely or untimely, the determination of appellate jurisdiction must be made by the appellate court. *Id.*; *see* TEX.R.APP. P. 25.1 (providing that filing of notice of appeal invokes appellate court's jurisdiction). Accordingly, the clerk must file and forward to the appropriate appellate court the notice of appeal, as well as any other materials tendered that are integral to a determination of the appellate timetable. *See* TEX.R.APP. P. 26.1 (extending deadline to file notice of appeal to ninety days after date judgment is signed if party timely files (1) motion for new trial; (2) motion to modify judgment; (3) motion to reinstate under Texas Rule of Civil Procedure 165a; or (4) request for findings of fact and conclusions of law, if either are required by Rules of Civil Procedure or, if not required, could properly be considered by appellate court); *Washington*, 7 S.W.3d at 182. Generally, a document is considered " 'filed' when it is tendered to the clerk, or otherwise put under the custody or control of the clerk." *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex.1993); *Washington*, 7 S.W.3d at 182. The document is considered filed "whether or not a file mark is placed on the instrument." *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex.2004).

Here, the trial court dismissed Smith's suit on the pleadings on February 27, 2006. The record shows, and the real party does not dispute, that Smith tendered a first request for findings of fact and conclusions of law on March 12, 2006; a verified motion to reinstate on March 14, 2006; and a notice of appeal and second request for findings of fact and conclusions of law on May 6, 2006. Further, the parties do not dispute that, on May 20, 2006, the district clerk returned these materials to Smith with a handwritten note stating: "This case was closed on 2/27/06. These motions filed are not timely." Because the clerk had a mandatory, ministerial duty to file and forward to the appropriate appel-

late court Smith's notice of appeal, as well as to file those documents integral to the appellate timetable, whether timely or untimely tendered by Smith, such failure constitutes an abuse of discretion for which mandamus relief will lie. *See Washington,* 7 S.W.3d at 182–83.[3]

### Refusal to Rule on Motions Filed

 To the extent that Smith seeks mandamus relief from an alleged refusal by the trial court to rule on the motions Smith tendered to the clerk, we deny mandamus relief. A party seeking mandamus relief must show that (1) the trial court had a legal duty to act, (2) there was a demand for performance, and (3) there was a refusal to act. *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex.1979). Showing that a motion was filed with the clerk does not constitute proof that the motion was brought to the attention of the trial court. *In re Davidson,* 153 S.W.3d 490, 491 (Tex. App.-Amarillo 2004, orig. proceeding). The trial court is not required to consider a motion unless it is called to its attention. *Metzger v. Sebek,* 892 S.W.2d 20, 49 (Tex. App.-Houston [1st Dist.] 1994, writ denied). Because Smith contends that the clerk returned Smith's motions and amended petition, unfiled, Smith has not shown that the trial court was aware of the documents Smith tendered to the clerk. With respect to this issue, we deny mandamus relief.

### Dismissal of Smith's Case

 To the extent Smith asks this court to direct the trial court to vacate its order dismissing the underlying suit, we also deny mandamus relief. A party seeking mandamus relief must establish that

the party has no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 842 (Tex.1992). Smith has not demonstrated that he could not challenge the dismissal by direct appeal. Smith states that he received notice of the dismissal on February 27, 2006. Generally, Smith had thirty days, or until March 29, 2006, to file his notice of appeal. *See* Tex.R.App. P. 26.1. Smith states that he filed his notice of appeal on May 6, 2006. Even if Smith is deemed to have untimely filed his notice of appeal, such determination would not demonstrate that Smith lacked an adequate remedy by appeal with regard to challenging the dismissal. With respect to this issue, we deny the petition for writ of mandamus.

### Conclusion

We hold that the district clerk abused its discretion in refusing to file and forward Smith's notice of appeal, as well as those materials that are integral to a determination of the appellate timetable. Solely with respect to such refusal, we conditionally grant the petition for writ of mandamus and direct Brazoria County District Clerk Jerry Deere to file Smith's notice of appeal, verified motion to reinstate, and requests for findings of fact and conclusions of law and to forward the notice of appeal to this court. We are confident that the district clerk will promptly comply, and our writ will issue only if it does not. All other mandamus relief is denied.

---

3. The real party contends that, "even if Relator's post-dismissal pleadings were considered by the District Court, they would have been determined to be improper and untimely." Notwithstanding, the district clerk had a duty to file and forward Smith's notice of appeal to the appellate court.