Opinion issued March 31,
2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00086-CV

———————————

In
re P.L.M., Relator



 



 

Original Proceeding on
Petition for Writ of Mandamus



 



 

 

MEMORANDUM OPINION

          Relator, P.L.M., has filed a pro se petition
for writ of mandamus.  See Tex.
Gov’t Code Ann. § 22.221(b) (Vernon 2004); see also Tex. R. App.
P. 52.1.  In November 1991, when he was
15 years old P.L.M. was adjudicated a delinquent for committing the offense of
murder and given a 30-year determinate sentence.  When he was 17 years old, P.L.M. was
transferred from the custody of the Texas Youth Commission to an adult prison
facility, where he remains incarcerated.[1]  In this original mandamus proceeding, P.L.M.
complains that the Harris County District Clerk has refused to file his
application for writ of habeas corpus in the district court.[2]  

This Court has jurisdiction to issue
writs of mandamus against district and county court judges, to issue writs of
mandamus against a district judge acting as magistrate in a court of inquiry,
and to issue all other writs necessary to enforce its own jurisdiction.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004).  This Court does not have mandamus
jurisdiction over a district clerk unless such is necessary to enforce the
Court’s jurisdiction.  See In re Hayes, No. 01-05-00899-CR, 2005
WL 2989878, at *1 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding) (mem.
op.) (holding court had no mandamus jurisdiction when relator complained that
district clerk refused to file petition because he made no showing that
mandamus relief was necessary to enforce appellate court’s jurisdiction); cf. In
re Smith, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig.
proceeding) (holding court had jurisdiction to issue writ of mandamus against
district clerk who refused to file and forward to appellate court notice of
appeal and “documents integral to the appellate timetable” because such
documents necessary for the appellate court to enforce jurisdiction); In re Washington, 7 S.W.3d 181, 182
(Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (granting mandamus
relief against district clerk who refused to forward notice of appeal because notice
was necessary to enforce jurisdiction). 
Here, P.L.M. has not shown that issuance of a writ of mandamus is
necessary for this Court to enforce its jurisdiction.[3]  See Hayes,
2005 WL 2989878, at *1; Smith, 263
S.W.3d at 95; Washington, 7 S.W.3d at
182–83. 

          We
conclude that we do not have jurisdiction to issue a writ of mandamus in this
original proceeding.  Accordingly, we dismiss
P.L.M.’s petition for writ of mandamus.  

 

PER CURIAM

Panel consists of Justices Jennings, Higley, and Brown.











[1]           The
underlying suit is In the Matter of [P.L.M.], No. 76686 (314th Dist. Court,
Harris County, Tex.).

 





[2]
          The named respondent is Loren Jackson, former Harris County District
Clerk.  Mr. Jackson is, however, no
longer Harris County District Clerk and was succeeded by Chris Daniels, the
current district clerk.  “When a public
officer is a party in an official capacity to an appeal or original proceeding,
and if that person ceases to hold office before the appeal or original
proceeding is finally disposed of, the public officer’s successor is
automatically substituted as a party if appropriate.”  Tex. R.
App. P. 7.2(a).  Thus, we
substitute Chris Daniels for Loren Jackson as respondent.  See id.  We acknowledge that, pursuant to Rule of
Appellate Procedure 7.2(b), this Court should abate an original proceeding in
which one public officer is substituted for another as a party in order to
“allow the successor to reconsider the original party’s decision.”  Tex. R.
App. P. 7.2(b).  However, we
conclude abatement is not appropriate here because we ultimately determine, as
discussed infra, that we have no
jurisdiction in this original mandamus proceeding.  

 





[3]
          A refusal to file by the district clerk may, however, implicate the
jurisdiction of the district court, and P.L.M may consider whether it is proper
for him to seek mandamus relief in that court. 
See Tex. Gov’t Code Ann. §24.011 (Vernon 2004) (“A judge of a
district court may, either in termtime or vacation, grant writs of mandamus,
injunction, sequestration, attachment, garnishment, certiorari, and supersedeas
and all other writs necessary to the enforcement of the court’s jurisdiction”).