**Petition for Writ of Mandamus Denied and Opinion filed September 13, 2016.**



**In The**

# Fourteenth Court of Appeals

---

### NOS. 14-16-00656-CR and 14-16-00657-CR

---

### IN RE JON CARLTON MILLER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1468487 & 1468488**

---

### MEMORANDUM OPINION

On August 22, 2016, relator Jon Carlton Miller filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Harris County District Clerk to process relator's notice of appeal.

Relator's petition alleges that on July 21, 2016, he submitted a notice of appeal to the District Clerk and that more than 19 days have passed and the District

Clerk has not processed the notice of appeal. Relator does not identify what order or judgment he is attempting to appeal.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or county court judge in the court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. We ordinarily do not have mandamus jurisdiction over a clerk. However, we have jurisdiction to grant mandamus relief when a clerk fails to forward a notice of appeal to the court of appeals because issuance of the writ is necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a), (b); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992). Texas Rule of Appellate Procedure 52.7(a) requires that relator file with his petition for writ of mandamus a certified or sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding. *See* Tex. R. App. P. 52.7.

Relator has not provided this court with a certified or sworn copy of the judgment from which he seeks to appeal or the notice of appeal that he allegedly filed with the District Clerk. Thus, the record does not show that relator has actually invoked the jurisdiction of the court of appeals over an appealable judgment. *See In re Johnson*, 07-04-0048-CV, 2004 WL 384458 (Tex. App.—Amarillo Mar. 2, 2004, orig. proceeding) (denying petition for writ of mandamus

seeking to compel clerk to accept a petition for habeas corpus because relator failed to provide the court of appeals with an appealable order and a notice of appeal). Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).