**Petition for Writ of Mandamus Denied and Opinion filed September 15, 2016.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-16-00620-CR

### IN RE BADIH A. AHMAD, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Criminal Court at Law No 12**
**Harris County, Texas**
**Trial Court Cause No. 9488654**

## MEMORANDUM OPINION

On August 8, 2016, relator Badih A. Ahmad filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Clerk of the Harris County Criminal Court at Law No. 12 to process relator's amended notice of appeal and to forward the same to the court of appeals.

Relator alleges that he submitted a writ of habeas corpus to the Harris County Criminal Court at Law No. 12, and that the trial court issued a judgment denying relief. Relator further alleges that he filed an amended notice of appeal on May 16, 2016. Relator alleges that he sent letters to the court requesting that the amended notice of appeal be forwarded to the court of appeals.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or county court judge in the court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. We ordinarily do not have mandamus jurisdiction over a clerk. However, we have jurisdiction to grant mandamus relief when a clerk fails to forward a notice of appeal to the court of appeals because issuance of the writ is necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a), (b); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

Additionally, as the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992). Texas Rule of Appellate Procedure 52.7(a) requires that relator file with his petition for writ of mandamus a certified or sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding. *See* Tex. R. App. P. 52.7.

Relator has not provided this court with a certified or sworn copy of the judgment from which he seeks to appeal, the amended notice of appeal that he

2

allegedly filed, and the letters that he allegedly sent to the trial court. Thus, the record does not show that relator has actually invoked the jurisdiction of the court of appeals over an appealable judgment. *See In re Johnson*, 07-04-0048-CV, 2004 WL 384458 (Tex. App.—Amarillo Mar. 2, 2004, orig. proceeding) (denying petition for writ of mandamus seeking to compel clerk to accept a petition for habeas corpus because relator failed to provide the court of appeals with an appealable order and a notice of appeal). Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Busby, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).