**Denied and Opinion Filed August 4, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00883-CV

### IN RE MELINDA BYERS, Relator

**Original Proceeding from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-16-2030**

## MEMORANDUM OPINION

Before Justices Lang, Evans, and Stoddart
Opinion by Justice Evans

Before the Court is relator's July 28, 2017 petition for writ of mandamus in which she complains of the trial court's May 1, 2017 order striking relator's intervention in a suit to adopt a child. To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Although orders striking an intervention are generally reviewable through mandamus, such pretrial orders become appealable when a final judgment is signed. *See, e.g., In re Bradberry*, No. 12-12-00121-CV, 2012 WL 3201927, at *2 (Tex. App.—Tyler Aug. 8, 2012, orig. proceeding). Relator avers that the trial court signed a final order of adoption on May 5, 2017. Relator, therefore, has an adequate remedy by appeal. TEX. FAM. CODE ANN. § 109.002; *see In re Thomas*, No. 09-15-00240, 2015 WL 3756834, at *1 (Tex. App.—Beaumont June 16, 2015, orig. proceeding) (mem. op.) (holding that the relator had an adequate remedy by appeal

because the trial court had signed a final appealable judgment). Failing to timely file a notice of appeal does not render appeal an inadequate remedy. *See In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding.) (denying mandamus relief because remedy by appeal was not inadequate even if relator filed notice of appeal untimely); *see also In re Telkamp*, No. 05-04-00839-CV, 2004 WL 1434791, at *1 (Tex. App.—Dallas June 28, 2004, orig. proceeding) (mem. op.) (untimely notice of appeal did not mean relator lacked adequate remedy at law). Based on the record before us, we conclude relator has not shown she is entitled to the relief requested.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/s/David Evans/
DAVID EVANS
JUSTICE

170883F.P05