**Opinion issued January 24, 2019**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-18-01130-CV

———————————

## IN RE BRADLEY BARTON, Relator

———————————

## Original Proceeding on Petition for Writ of Mandamus

———————————

## MEMORANDUM OPINION

Relator, Bradley Barton, incarcerated and acting pro se, has filed a petition for writ of mandamus requesting that we compel the Harris County District Clerk to provide copies of orders issued by the district court.[1] This Court's mandamus jurisdiction is limited to writs of mandamus against certain judges within its district

---

[1] The underlying case is *Office of the Attorney General v. Bradley Jared Barton*, cause number 2017-83864, pending in the 309th District Court of Harris County, Texas, the Honorable Linda Marie Dunson presiding.

and writs necessary to enforce the Court's jurisdiction. *See* TEX. GOV'T CODE §

22.221(a)–(b). We thus have no jurisdiction to issue a writ of mandamus against a

district clerk unless necessary to enforce our jurisdiction. *See id.*; *In re Smith*, 263

S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Because

relator's petition does not indicate that issuance of a writ is necessary to enforce our

appellate jurisdiction, we lack jurisdiction to issue a writ of mandamus against the

district clerk.[2] Accordingly, relator's petition is dismissed for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Landau.

---

[2]    Relator's complaint regarding failure to receive district court orders should be directed to the district court judge.