# NO. 12-20-00205-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: BRUCE DARNELL DOTSON, II, LEVI JONES-CARROLL, TRAVIS STONER, TYRONE CLAY, HECTOR LOPEZ, MANUEL JESSIE MENDEZ, FARRIS TOMPKINS, COLBY CHARLES CUNNINGHAM, CHRISTIAN SALDANA AND SAMUEL O'CAMPO, RELATORS* | §  §  § | *ORIGINAL PROCEEDING* |

## MEMORANDUM OPINION
### PER CURIAM

Bruce Darnell Dotson, II, Levi Jones-Carroll, Travis Stoner, Tyrone Clay, Hector Lopez, Manuel Jessie Mendez, Farris Tompkins, Colby Charles Cunningham, Christian Saldana, and Samuel O'Campo, acting pro se, filed this original proceeding, which states that Relators are offenders incarcerated in the Texas Department of Criminal Justice-Institutional Division.[1] According to Relators, "The Texas Rules of Civil Procedure require that the Court Clerk immediately file and docket tort claims, issue summons and process paperwork in a timely manner, and such has not been done in the case of the Relators versus the Texas Department of Criminal Justice-Institutions [sic] Division." Relators seek a writ of mandamus to require that Respondent "issue summons and immediately process the received tort claims."

A district clerk is not a judge over which this Court has mandamus jurisdiction; nor does the record demonstrate that issuance of a writ of mandamus against Respondent is necessary to protect this Court's jurisdiction.[2] *See* TEX. GOV'T CODE ANN. , (b) (West 2004) (writ power); *see*

---

[1] Respondent is Teresia Coker, Anderson County District Clerk. The Texas Department of Criminal Justice-Institutional Division is the Real Party in Interest.

[2] For instance, we have jurisdiction to issue a writ of mandamus against a district clerk for failure to forward to this Court a notice of appeal delivered to the clerk for filing because such is necessary to enforce our

*also* **In re Eaton**, No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication) (appellate court lacked jurisdiction to consider merits of mandamus petition as to district clerk); **In re Vargas**, No. 01-12-00351-CV, 2012 WL 1454550, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, orig. proceeding) (mem. op) (per curiam) (dismissing mandamus proceeding against district clerk for want of jurisdiction because addressing complaint that clerk refused to file petition was not necessary to enforce appellate court jurisdiction). Because this Court lacks jurisdiction to grant mandamus relief under the circumstances of this case, we ***dismiss*** the petition for writ of mandamus for ***want of jurisdiction***.

Opinion delivered September 16, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

jurisdiction. **In re Talkington**, No. 12-07-00272-CR, 2007 WL 2178551, at *1 (Tex. App.—Tyler July 31, 2007, orig. proceeding) (mem. op., not designated for publication); *see* **Ex parte Sanders**, No. WR-80,356-01, 2013 WL 5872901, at *1 (Tex. Crim. App. Oct. 30, 2013) (order, not designated for publication) (per curiam); *see also* **In re Foster**, No. 14-16-00698-CR, 2016 WL 5853282, at *1 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (mem. op., not designated for publication) (per curiam); **In re Smith**, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 16, 2020**

**NO. 12-20-00205-CV**

**BRUCE DARNELL DOTSON, II, LEVI JONES-CARROLL, TRAVIS STONER, TYRONE CLAY, HECTOR LOPEZ, MANUEL JESSIE MENDEZ, FARRIS TOMPKINS, COLBY CHARLES CUNNINGHAM, CHRISTIAN SALDANA AND SAMUEL O'CAMPO,**
Relators
V.

**TERESIA COKER,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bruce Darnell Dotson, II, Levi Jones-Carroll, Travis Stoner, Tyrone Clay, Hector Lopez, Manuel Jessie Mendez, Farris Tompkins, Colby Charles Cunningham, Christian Saldana and Samuel O'Campo; who are the relators in appellate cause number 12-20-00205-CV. Said petition for writ of mandamus having been filed herein on August 27, 2020, and the same having been duly considered, because it is the opinion of this Court that it lacks jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*