# NO. 12-21-00010-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *RONALD MURRAY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Ronald Murray, acting pro se, filed this original proceeding to challenge Respondent's failure to forward his notice of appeal to this Court.[1] On August 7, 2020, the trial court signed an order dismissing, without prejudice, Relator's lawsuit against The Trinity County Commissioners, Trinity County Sheriff's Department, and the Trinity County District Attorney (the Real Parties in Interest), as frivolous. Relator claims to have filed a notice of appeal on or about August 17.[2] He filed this original proceeding on January 25, 2021.

On January 25, the Clerk of this Court notified Relator that his petition for writ of mandamus failed to comply with Texas Rules of Appellate Procedure 52.3(b)–(c), (e)-(f), (h), (k), and 52.7. *See* TEX. R. APP. P. 52.3 (form and contents of petition); *see also* TEX. R. APP. P. 52.7 (record). The notice further informed Relator that his petition would be referred to the Court for dismissal unless he provided an amended petition and the record on or before February 4. This Court subsequently granted Relator's request for an extension to March 8. That deadline passed, and Relator has not filed an amended petition or a mandamus record.

---

[1] Respondent is Kristen Raiford, Trinity County District Clerk. This Court possesses jurisdiction to issue a writ of mandamus against a district clerk for failure to forward to this Court a notice of appeal delivered to the clerk for filing because such is necessary to enforce our jurisdiction. *See* **In re Smith**, 263 S.W.3d 93, 95-96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

[2] The Clerk of this Court contacted the Trinity County District Clerk's Office, and that Office has no notice of appeal on file in Relator's case. *See* TEX. R. APP. P. 9.6 (communications with appellate court about a case must be made through the Clerk's office).

A party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. The petition must contain certain items, including identification of issues presented, table of contents, index of authorities, statement of jurisdiction, and an appendix. *See* TEX. R. APP. P. 52.3. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. *See* TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

It is a relator's burden to provide this court with a record sufficient to establish the right to mandamus relief. *See **In re Mack***, No. 12-19-00238-CV, 2019 WL 3024757, at *1 (Tex. App.–Tyler July 10, 2019, orig. proceeding) (mem op.). In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to mandamus relief. *See **id***. Because Relator's petition fails to comply with the appellate rules, he presents nothing for this Court to review. Therefore, we ***deny*** his petition for writ of mandamus.[3]

Opinion delivered March 18, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] Relator states that he made numerous requests that his notice of appeal be filed and forwarded to this Court. However, Relator offers no explanation as to why he waited several months before filing a petition for writ of mandamus. *See **In re Hotze***, No. 20-0739, 2020 WL 5919726, at *3 (Tex. Oct. 7, 2020) (when record fails to show relator acted diligently to protect rights, relief by mandamus is not available); *see also **In re Webber, L.L.C.***, No. 05-20-00564-CV, 2020 WL 3496279, at *1 (Tex. App.—Dallas June 29, 2020, orig. proceeding) (mem. op.) ("unexplained delay of four months or more can constitute laches and result in denial of mandamus relief").



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2021**

**NO. 12-21-00010-CV**

**RONALD MURRAY,**
Relator
V.

**KRISTEN RAIFORD,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Ronald Murray; who is the relator in appellate cause number 12-21-00010-CV and the plaintiff in trial court cause number CIV23488, formerly pending on the docket of the 411th Judicial District Court of Trinity County, Texas. Said petition for writ of mandamus having been filed herein on January 25, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*