# NO. 12-21-00064-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *SAMUEL RIOS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Samuel Rios, an inmate acting pro se, filed this original proceeding to complain that Respondent, Anderson County District Clerk Teresia Coker, failed to provide trial transcripts to Relator's sister, as requested.[1]

However, a district clerk is not a judge over which this Court has mandamus jurisdiction; nor does the record demonstrate that issuance of a writ of mandamus against Respondent is necessary to protect this Court's jurisdiction.[2] *See* TEX. GOV'T CODE ANN. 22.221(a), (b) (West Supp. 2020) (writ power); *see also **In re Madrigal***, No. 13-18-00375-CR, 2018 WL 3386364, at *1-2 (Tex. App.—Corpus Christi July 12, 2018, orig. proceeding) (mem. op., not designated for publication) (dismissing original proceeding for want of jurisdiction where relator sought writ compelling district clerk to provide various copies, including transcript and records); ***In re Eaton***, No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication) (appellate court lacked jurisdiction to

---

[1] The State of Texas is the Real Party in Interest.

[2] For instance, we have jurisdiction to issue a writ of mandamus against a district clerk for failure to forward to this Court a notice of appeal delivered to the clerk for filing because such is necessary to enforce our jurisdiction. ***In re Talkington***, No. 12-07-00272-CR, 2007 WL 2178551, at *1 (Tex. App.—Tyler July 31, 2007, orig. proceeding) (mem. op., not designated for publication); *see **Ex parte Sanders***, No. WR-80,356-01, 2013 WL 5872901, at *1 (Tex. Crim. App. Oct. 30, 2013) (order, not designated for publication) (per curiam); *see also **In re Foster***, No. 14-16-00698-CR, 2016 WL 5853282, at *1 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (mem. op., not designated for publication) (per curiam); ***In re Smith***, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

consider merits of mandamus petition as to district clerk); ***In re Vargas***, No. 01-12-00351-CV, 2012 WL 1454550, at \*1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, orig. proceeding) (mem. op) (per curiam) (dismissing mandamus proceeding against district clerk for want of jurisdiction because addressing complaint that clerk refused to file petition was not necessary to enforce appellate court jurisdiction). Accordingly, this Court lacks jurisdiction to grant mandamus relief under the circumstances of this case. We ***dismiss*** the petition for writ of mandamus for ***want of jurisdiction***.

Opinion delivered May 12, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 12, 2021**

**NO. 12-21-00064-CR**

**SAMUEL RIOS,**
Relator
V.

**TERESIA COKER,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Samuel Rios; who is the relator in appellate cause number 12-21-00064-CR and the defendant in trial court cause number 24895, formerly pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on April 26, 2021, and the same having been duly considered, because it is the opinion of this Court that it lacks jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3