# NO. 12-21-00144-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ROBERT BRITT,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Robert Britt, acting pro se, filed this original proceeding to complain of the failure by Respondent, Smith County District Clerk Penny Clarkston, to file his petition for discretionary review and writ of mandamus.[1] Relator states that he was convicted in trial court cause number 007-1061-17, has been told different stories with respect to the status of his filings, has not been appointed counsel for assistance with post-conviction remedies, and has been denied access to the court and to the law library.[2] A search of the Smith County website reflects that a writ of

---

[1] A petition for discretionary review is to be filed with the Texas Court of Criminal Appeals in Austin. *See* TEX. R. APP. P. 68.3.

[2] In a supplemental petition, Relator raises other complaints related to his conviction. A search of the Smith County website reflects that Relator's community supervision was revoked and a judgment adjudicating guilt was entered May 4, 2021. To the extent Relator attempts to raise issues regarding revocation, Relator did not appeal his conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (only court of criminal appeals has jurisdiction to grant out-of-time appeal); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).

mandamus and a petition were filed in Relator's case on July 27, 2021.[3]  Relator asks this Court to compel Respondent to process his writs.[4]

However, a district clerk is not a judge over which this Court has mandamus jurisdiction; nor does the record demonstrate that issuance of a writ of mandamus against Respondent is necessary to protect this Court's jurisdiction.[5]  *See* TEX. GOV'T CODE ANN. 22.221(a), (b) (West Supp. 2020) (writ power); *see also* **In re Eaton**, No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication) (appellate court lacked jurisdiction to consider merits of mandamus petition as to district clerk); **In re Vargas**, No. 01-12-00351-CV, 2012 WL 1454550, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, orig. proceeding) (mem. op) (per curiam) (dismissing mandamus proceeding against district clerk for want of jurisdiction because addressing complaint that clerk refused to file petition was not necessary to enforce appellate court jurisdiction).  Accordingly, this Court lacks jurisdiction to grant mandamus relief under the circumstances of this case.  We ***dismiss*** the petition for writ of mandamus for ***want of jurisdiction***.

Opinion delivered September 15, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] A trial court has a ministerial duty to rule on a motion within a reasonable time once the motion is called to the court's attention.  *See* **In re Gomez**, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *see also* **In re Ramos**, 598 S.W.3d 472, 474 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (judge was aware of motion for judgment nunc pro tunc approximately five months before appellate court opinion; thus, judge did not rule on motion within reasonable time); **In re Sayyed**, No. 05-20-00195-CV, 2020 WL 6074117, at *3 (Tex. App.—Dallas Oct. 15, 2020, orig. proceeding) (mem. op. on reh'g) (at time of October 2020 opinion, respondent had learned of motion on July 1, 2020; thus, reasonable time for ruling had not passed).

[4] The State of Texas is the Real Party in Interest.

[5] For instance, we have jurisdiction to issue a writ against a district clerk for failure to forward a notice of appeal to this Court because such is necessary to enforce our jurisdiction.  *See* **In re Talkington**, No. 12-07-00272-CR, 2007 WL 2178551, at *1 (Tex. App.—Tyler July 31, 2007, orig. proceeding) (mem. op., not designated for publication); *see also* **Ex parte Sanders**, No. WR-80,356-01, 2013 WL 5872901, at *1 (Tex. Crim. App. Oct. 30, 2013) (order, not designated for publication) (per curiam); **In re Foster**, No. 14-16-00698-CR, 2016 WL 5853282, at *1 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (mem. op., not designated for publication) (per curiam); **In re Smith**, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 15, 2021**

**NO. 12-21-00144-CR**

**ROBERT BRITT,**
Relator
V.

**HON. PENNY CLARKSTON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Robert Britt; who is the relator in appellate cause number 12-21-00144-CR and the defendant in trial court cause number 007-1061-17, formerly pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on August 25, 2021, and the same having been duly considered, because it is the opinion of this Court that it lacks jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3