# NO. 12-21-00163-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ROBERT BRITT,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Robert Britt, acting pro se, filed this original proceeding to complain of the failure by Respondent, Smith County District Clerk Penny Clarkston, to provide him with forms to file applications for writ of habeas corpus.[1]

As we previously informed Relator in another original proceeding, a district clerk is not a judge over which this Court has mandamus jurisdiction.[2] *See* TEX. GOV'T CODE ANN. 22.221(a), (b) (West Supp. 2020) (writ power); *see also In re Mack*, No. 10-17-00186-CR, 2017 WL 2819091, at *1 (Tex. App.—Waco June 28, 2017, orig. proceeding) (mem. op., not designated for publication) (dismissing for want of jurisdiction mandamus petition against clerk for failure to provide forms to assist in filing post-conviction relief); *In re Eaton*, No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication) (appellate court lacked jurisdiction to consider merits of mandamus petition as to district clerk); *In re Vargas*, No. 01-12-00351-CV, 2012 WL 1454550, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, orig. proceeding) (mem. op) (per curiam) (dismissing mandamus proceeding against district clerk for want of jurisdiction because addressing complaint that clerk refused to file petition was not necessary to enforce appellate court

---

[1] The State of Texas is the Real Party in Interest.

[2] *See In re Britt*, No. 12-21-00144-CR, 2021 WL 4202728, at *2 (Tex. App.—Tyler Sept. 15, 2021, orig. proceeding) (mem. op., not designated for publication) (per curiam).

jurisdiction). Nor does the record demonstrate that issuance of a writ of mandamus against Respondent is necessary to protect this Court's jurisdiction, i.e., we have jurisdiction to issue a writ against a district clerk for failure to forward a notice of appeal to this Court because such is necessary to enforce our jurisdiction.[3] *See In re Talkington*, No. 12-07-00272-CR, 2007 WL 2178551, at *1 (Tex. App.—Tyler July 31, 2007, orig. proceeding) (mem. op., not designated for publication); *see also Ex parte Sanders*, No. WR-80,356-01, 2013 WL 5872901, at *1 (Tex. Crim. App. Oct. 30, 2013) (order, not designated for publication) (per curiam); *In re Foster*, No. 14-16-00698-CR, 2016 WL 5853282, at *1 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (mem. op., not designated for publication) (per curiam); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Here, Relator filed a notice of appeal, and that appeal is currently pending before this Court in appellate cause number 12-21-00166-CR.

Accordingly, this Court lacks jurisdiction to grant mandamus relief under the circumstances of this case.[4] We ***dismiss*** the petition for writ of mandamus for ***want of jurisdiction***.

Opinion delivered October 6, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] We do note that the Texas Rules of Appellate Procedure state that a "district clerk of the county of conviction *shall* make the form available to applicants on request, without charge." TEX. R. APP. P. 73.1(b) (form for application filed under Article 11.07 of the Code of Criminal Procedure) (emphasis added). Relator states that he requested the form from Respondent, and we trust that Respondent will provide Relator with the applicable form in accordance with Rule 73.1(b).

[4] Relator's community supervision was revoked, and he was convicted of assault-family violence by impeding breath or circulation, a felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West Supp. 2020). Thus, Article 11.07 of the Texas Code of Criminal Procedure applies. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 1 (West 2005) (establishing "procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death"). The form for an application for writ of habeas corpus under Article 11.07 can be found on the Texas Court of Criminal Appeals's website. *See* https://www.txcourts.gov/media/1442926/1107-form-rev-2018.pdf.

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 6, 2021**

**NO. 12-21-00163-CR**

**ROBERT BRITT,**
Relator
V.

**HON. PENNY CLARKSTON,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Robert Britt; who is the relator in appellate cause number 12-21-00163-CR and the defendant in trial court cause number 007-1061-17, formerly pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on September 29, 2021, and the same having been duly considered, because it is the opinion of this Court that it lacks jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3