# NO. 12-21-00186-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *GREGORY TENNYSON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

Gregory Tennyson, acting pro se,[1] filed this original proceeding, in which he seeks a writ instructing Respondent to enter a default judgment and to forward his application for writ of habeas corpus to the Texas Court of Criminal Appeals.[2]  On October 12, 2021, the Clerk of this Court informed Relator that his petition fails to comply with appellate Rule 52.7.  *See* TEX. R. APP. P. 52.7 (record).  The notice warned that the petition would be referred to this Court for dismissal unless Relator provided the record on or before October 25.  We granted Relator's

---

[1] In 2016, Relator was convicted of aggravated assault on a public servant.  This Court affirmed the conviction.  *See **Tennyson v. State***, No. 12-16-00225-CR, 2018 WL 1180750 (Tex. App.—Tyler Mar. 7, 2018, pet. ref'd) (mem. op., not designated for publication).

[2] It is unclear from Relator's petition whether he seeks a writ of mandamus against the Honorable Jack Skeen, Jr., Judge of the 241st District Court in Smith County, Texas, or Penny Clarkston, the Smith County District Clerk. The State of Texas is the Real Party in Interest.  To the extent Relator complains of the District Clerk, a district clerk is not a judge over which this Court has mandamus jurisdiction. *See* TEX. GOV'T CODE ANN. art. 22.221(a), (b) (West Supp. 2020) (writ power); *see also **In re Mack***, No. 10-17-00186-CR, 2017 WL 2819091, at *1 (Tex. App.—Waco June 28, 2017, orig. proceeding) (mem. op., not designated for publication); ***In re Eaton***, No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication); ***In re Vargas***, No. 01-12-00351-CV, 2012 WL 1454550, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, orig. proceeding) (mem. op) (per curiam). Nor is there any indication that issuance of a writ of mandamus against the District Clerk is necessary to protect this Court's jurisdiction. *See **In re Talkington***, No. 12-07-00272-CR, 2007 WL 2178551, at *1 (Tex. App.—Tyler July 31, 2007, orig. proceeding) (mem. op., not designated for publication); *see also **Ex parte Sanders***, No. WR-80,356-01, 2013 WL 5872901, at *1 (Tex. Crim. App. Oct. 30, 2013) (order, not designated for publication) (per curiam); ***In re Foster***, No. 14-16-00698-CR, 2016 WL 5853282, at *1 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (mem. op., not designated for publication) (per curiam); ***In re Smith***, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Thus, we construe this proceeding as one against Judge Skeen.

request for an extension of time to November 24. This deadline expired without a response from Relator.

Generally, a party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

It is a relator's burden to provide this court with a record sufficient to establish the right to extraordinary relief. *See **In re Daisy***, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to relief. *See **In re McCreary***, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication). Because Relator's petition fails to comply with the appellate rules, he presents nothing for this Court to review.[3] Therefore, we ***deny*** his petition for writ of mandamus.[4]

Opinion delivered December 8, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. ***In re Guerrero***, No. 12-21-00100-CR, 2021 WL 3412558, at *1 n.3 (Tex. App.—Tyler Aug. 4, 2021, no pet.) (mem. op., not designated for publication).

[4] Relator complains that his writ application has not been forwarded to the court of criminal appeals. However, the Smith County website reflects that the writ was sent to the court of criminal appeals on October 25. The court of criminal appeals received the application, docketed it under cause number WR-67,771-04, and denied relief on December 8.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 8, 2021**

**NO. 12-21-00186-CR**

**GREGORY TENNYSON,**
Relator
V.

**HON. JACK SKEEN, JR.,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Gregory Tennyson; who is the relator in appellate cause number 12-21-00186-CR and the defendant in trial court cause number 241-0030-16, formerly pending on the docket of the 241st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on October 12, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*