# NO. 12-22-00143-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JAMES HULSEY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

James Hulsey, acting pro se, filed this original proceeding to complain of Respondent's failure to file his constitutional challenge to a state statute.[1]  He argues that Respondent has a duty to file his challenge in accordance with Article 2.21 of the Texas Code of Criminal Procedure.[2]

However, a district clerk is not a judge over which this Court has mandamus jurisdiction.[3] *See* TEX. GOV'T CODE ANN. 22.221(a), (b) (West Supp. 2020) (writ power); *see also* ***In re Mack***, No. 10-17-00186-CR, 2017 WL 2819091, at *1 (Tex. App.—Waco June 28, 2017, orig. proceeding) (mem. op., not designated for publication) (dismissing for want of jurisdiction mandamus petition against clerk for failure to provide forms to assist in filing post-conviction relief); ***In re Eaton***, No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication) (appellate court lacked

---

[1] Respondent is Alison Dotson, Cherokee County District Clerk.  The State of Texas is the Real Party in Interest.

[2] In a criminal proceeding, the district clerk shall receive and file all papers.  TEX. CODE CRIM. PROC. ANN. art. 2.21(a)(1) (West Supp. 2021); *see* ***In re Bohanna***, No. WR-93,439-01, 2022 WL 221446 (Tex. Crim. App. Jan. 26, 2022) (order) (ordering district clerk to state whether (1) relator's habeas application was received and if so, whether it has been filed, and (2) if received but not filed, state why the application was not filed).

[3] The Texas Court of Criminals Appeals's writ power is not so limited, as it has "power and authority to grant and issue and cause the issuance of writs of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari."  TEX. CODE CRIM. PROC. ANN. art. 4.04 § 1 (West 2005); *see* ***In re Bonilla***, 424 S.W.3d 528 (Tex. Crim. App. 2014) (reviewing petition for writ of mandamus against district clerk).

jurisdiction to consider merits of mandamus petition as to district clerk); *In re Vargas*, No. 01-12-00351-CV, 2012 WL 1454550, at \*1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, orig. proceeding) (mem. op) (per curiam) (dismissing mandamus proceeding against district clerk for want of jurisdiction because addressing complaint that clerk refused to file petition was not necessary to enforce appellate court jurisdiction). Nor does the record demonstrate that issuance of a writ of mandamus against Respondent is necessary to protect this Court's jurisdiction, i.e., we have jurisdiction to issue a writ against a district clerk for failure to forward a notice of appeal to this Court because such is necessary to enforce our jurisdiction. *See In re Talkington*, No. 12-07-00272-CR, 2007 WL 2178551, at \*1 (Tex. App.—Tyler July 31, 2007, orig. proceeding) (mem. op., not designated for publication); *see also Ex parte Sanders*, No. WR-80,356-01, 2013 WL 5872901, at \*1 (Tex. Crim. App. Oct. 30, 2013) (order, not designated for publication) (per curiam); *In re Foster*, No. 14-16-00698-CR, 2016 WL 5853282, at \*1 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (mem. op., not designated for publication) (per curiam); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

Accordingly, this Court lacks jurisdiction to grant mandamus relief under the circumstances of this case. We *dismiss* the petition for writ of mandamus for *want of jurisdiction*.

Opinion delivered June 8, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 8, 2022

NO. 12-22-00143-CR

**JAMES HULSEY,**
Relator
V.

**ALISON DOTSON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by James Hulsey; who is the relator in appellate cause number 12-22-00143-CR. Said petition for writ of mandamus having been filed herein on June 6, 2022, and the same having been duly considered, because it is the opinion of this Court that it lacks jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*