**Opinion filed September 19, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00238-CR

_____

## IN RE JUSTIN W. FULLER

**Original Proceeding**

**M E M O R A N D U M   O P I N I O N**

Relator, Justin W. Fuller, filed this original proceeding pro se seeking relief against the Erath County District Clerk[1] (Respondent). According to Relator's petition for writ of mandamus, his constitutional rights have been violated. Relator requests that this court order the district clerk to "perform a legal duty," specifically, to "[f]ile any and all motion[s] mailed to" the district clerk's office, and asserts that the district clerk's office "cannot [r]ecommend whether to file a certain pleading."

---

[1]Relator seeks relief against the "Clerk of Court." Although Erath County has separately elected district and county clerks, Relator served the district clerk with his petition, and attached a document in support of his petition from the district clerk's office.

To be entitled to mandamus relief, a relator must establish that: (1) the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision; and (2) there is no adequate remedy at law to redress the alleged harm. *In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding).

This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2023) (limited writ powers granted to courts of appeals). We do not have writ jurisdiction over a district clerk's office unless it is necessary to enforce our jurisdiction in another proceeding. *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); s*ee* GOV'T CODE § 22.221.

Relator has not demonstrated that our jurisdiction is implicated here, or that the Erath County District Clerk's Office is a party against whom we may issue a writ under the circumstances. As a result, we have no jurisdiction as an intermediate appellate court to address this original proceeding. To the extent Relator seeks relief against the district clerk and the district clerk's office, we lack jurisdiction.

Accordingly, the petition is dismissed for want of jurisdiction.


JOHN M. BAILEY
CHIEF JUSTICE


September 19, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.