**Opinion issued January 9, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-24-01006-CR

_____

### IN RE THOMAS WAYNE FLORENCE, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Thomas Wayne Florence, incarcerated and proceeding pro se, filed a petition for a writ of mandamus asserting that the "Galveston County District Clerk ha[d] failed in its ministerial duty under clearly established law to forward" a notice of appeal relator states he mailed on October 22, 2024 and which was "filed in [the

Galveston County District] Clerk's Office on October 28, 2024."[1] Despite that, relator alleged that the Galveston County District Clerk had not forwarded that notice of appeal to the appellate court. Relator therefore requested that this Court issue a writ of mandamus to "order the [Galveston County] District Clerk to forward . . . [relator's] notice of appeal to this Court without undue delay."

An appellate court may issue a writ of mandamus against judges of a district, statutory county, statutory probate, or a county court in the court of appeals district. *See* TEX. GOV'T CODE ANN. § 22.221(b). Relator's petition for writ of mandamus requested that this Court issue a writ of mandamus against the Galveston County District Clerk. The Court's power to issue a writ of mandamus against a district clerk is limited to when the writ is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a).

Notably, relator's petition for writ of mandamus set forth facts which potentially make a writ necessary to enforce our jurisdiction. *See In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (concluding that district clerk abused its discretion by refusing to file and forward relator's notice of appeal, instead returning notice of appeal to relator with handwritten note stating: "This case was closed on 2/27/06. These motions filed are not timely."); *In re Parks*,

---

[1] The underlying case is *The State of Texas v. Thomas Wayne Florence*, Case No. 10-CR-1217, in the 56th District Court of Galveston County, Texas, the Honorable Lonnie Cox presiding.

No. 12-23-00242-CR, 2023 WL 8104876, at *1 (Tex. App.—Tyler Nov. 21, 2023, orig. proceeding) (mem. op., not designated for publication) ("[W]e have jurisdiction to issue a writ against a district clerk for failure to forward a notice of appeal to [the appellate court] because such is necessary to enforce our jurisdiction."). However, relator's mandamus petition fails to provide a record sufficient to establish that he submitted a notice of appeal to the trial court, thereby creating a ministerial duty on the district clerk to act. *See* TEX. R. APP. P. 52.3(k), 52.7(a)(1).

The only document included in relator's mandamus record or appendix is a photocopy of the outside of an envelope. While that envelope shows that it was addressed to the Galveston County District Clerk, with a return address belonging to relator, there is no other identifying information regarding the contents of the envelope. Further, the post-mark on the envelope appears to show that it was placed in the mail on December 13, 2024, which is not the date relator alleges he placed his notice of appeal in the mail. Because this is the only document included in relator's mandamus record or appendix, we cannot conclude that he has provided a sufficient record to establish he is entitled to the relief requested. *See In re Shafer*, No. 01-24-00190-CR, 2024 WL 2965236, at *2 (Tex. App.—Houston [1st Dist.] June 13, 2024, orig. proceeding) (mem. op., not designated for publication) ("Relator bears the burden of providing this Court with a record sufficient to establish a right to mandamus relief.").

Accordingly, our review of relator's mandamus petition reflects that he has failed to establish that he is entitled to mandamus relief. *See* TEX. R. APP. P. 52.8. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).