**Affirmed and Memorandum Opinion filed March 26, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00270-CV**

---

**JESSE RAY LAWRENCE, Appellant**

**V.**

**CANDICE NICOLE JONES, Appellee**

---

**On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 119079-F**

---

## M E M O R A N D U M   O P I N I O N

Appellant Jesse Ray Lawrence appeals from a final decree of divorce. Lawrence did not appear at the bench trial on appellee Candice Nicole Jones's petition for divorce because he was incarcerated. Lawrence, representing himself both at trial and on appeal, presents three issues for our review: (1) the trial court violated his due process rights by refusing to permit him to appear at the bench trial; (2) his right to a jury trial was violated; and (3) the trial refused to rule on numerous motions or writs.

After thorough review of the record, we overrule each of Lawrence's issues. We affirm the final decree of divorce.

## Background

Lawrence and Jones were married in September 2021. There were no children of the marriage. Jones filed a pro se petition for divorce in August 2022. Lawrence was not served, but he answered with a general denial in November 2022.

Because he was incarcerated, Lawrence filed a motion for bench warrant in December 2022, in which he stated he was being held without bond in the Brazoria County Detention Center and requested that the court issue a writ of habeas corpus to bring him before the court. He also filed numerous other motions, including a "Request for Discovery," a "Writ of Habeas Corpus Asking for Dismissal," a "Motion to Admit Letters as Evidence," a "Motion for Continuance," a "Letter to Obtain Help," a "Motion for Court Order Return of Assets," a "Motion for Court Costs and Attorney Fees to Be Paid by Petitioner," a "Motion for Trial by Jury," a "Motion to Admit Cell Phone into Evidence as Exhibit," a "Motion for the Court to Appoint Counsel," and a "Motion for Background and Divorce Records of Im[m]ediate Family and All Witness [I]nvolved." None of these motions contained certificates of service, nor were they noticed for hearings. Lawrence additionally filed an application for a court-appointed attorney, which was denied.

Meanwhile, Jones obtained counsel, who appeared in January 2023. After a reset to provide proper notice to Lawrence, the case was called for a bench trial on April 4. Because Lawrence did not appear, the trial court granted the divorce based on Jones's and her counsel's testimony. The court found that Lawrence was "at fault in the divorce due to his criminal activity." In the decree, Lawrence was ordered to pay various community credit card debts and to reimburse Jones $3,500 for attorney's fees. Lawrence did not file a motion for new trial.

Lawrence filed a timely notice of appeal.

## Analysis

Lawrence represented himself at trial and continues to do so on appeal. He filed a three-page handwritten brief, which does not comply with our briefing rules.[1] Lawrence purportedly filed a restricted appeal and contends that error is apparent on the fact of the record because: (1) his due process rights were violated by the trial court's refusal to permit him to appear at the bench trial; (2) his right to a jury trial was violated; and (3) the trial refused to rule on numerous motions or writs.

The trial court signed the divorce decree on April 4, 2023, and Lawrence filed a "notice of restricted appeal" on April 19, 2023. Texas Rule of Appellate Procedure 30 provides that "[a] party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, *or a notice of appeal within the time permitted by Rule 26.1(a)*, may file a notice of appeal within the time permitted by Rule 26.1(c)." Tex. R. App. P. 30 (emphasis added). Lawrence filed his notice of appeal within thirty days of the judgment, which is within the time permitted by Rule 26.1(a). Tex. R. App. P. 26.1(a). Thus, Lawrence did not meet the requirements of a restricted appeal, so we consider his appeal to be an ordinary, unrestricted appeal. *See Admoren-Nweke v. State*, No, 01-19-01001-CR, 2020 WL 7391706, at *3-4 (Tex. App.—Houston [1st Dist.] Dec. 17,

---

[1] We note that pro se litigants such as Lawrence are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Reule v. M & T Mortg.*, 483 S.W.3d 600, 608 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *see also Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014) (explaining that courts may not stray from procedural rules simply because litigant represent self.). Nonetheless, we construe Lawrence's brief liberally to reach his appellate issues on the merits when possible. *Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (citing *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012)).

2020, no pet.) (mem. op., not designated for publication) ("Because he filed his notice of appeal within the time permitted by Rule 26.1(a), Admoren-Nweke's appeal is excluded from the scope of a restricted appeal, and we consider the appeal to be an ordinary, unrestricted appeal."); *Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844, 847 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (treating purported restricted appeal filed within thirty days of appealable order as regular appeal). We turn to the merits of Lawrence's complaints.

## A.      Appearance at Bench Trial

First, Lawrence contends that the trial court erred by refusing to permit him to appear for the bench trial either in person or through affidavit, deposition, telephone, or other effective means.

As noted above, Lawrence filed a motion for a bench warrant. The trial court did not rule on Lawrence's motion before proceeding to trial.[2] To the extent the trial court was aware of Lawrence's request, by proceeding to trial without issuing the bench warrant, the trial court implicitly denied it. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). The decision to grant or deny a request for a bench warrant lies within the trial court's discretion. *See id.*

Litigants cannot be denied access to the courts simply because they are inmates. *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984)). But an inmate does not have an absolute right to appear in person for every court proceeding, and

---

[2] None of Lawrence's motions, including his motion for a bench warrant, were set for a hearing or submission. A trial court is not required to consider a motion that is not brought to its attention. *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *In re Wigley*, No. 14-19-00749-CV, 2019 WL 5078650, at *2 (Tex. App.—Houston [14th Dist.] Oct. 10, 2019, orig. proceeding) (mem. op.); *Smith*, 263 S.W.3d at 96.

4

the inmate's right of access must be weighed against the protection of our correctional system's integrity. *Id.* Texas courts recognize a variety of factors that trial courts should consider when deciding whether to grant an inmate's request for a bench warrant, including: (1) the cost and inconvenience of transporting the prisoner to the courtroom; (2) the security risk the prisoner presents to the court and public; (3) whether the prisoner's claims are substantial; (4) whether the matter's resolution reasonably can be delayed until the prisoner's release; (5) whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; (6) whether the prisoner's presence is important in judging his demeanor and credibility; (7) whether the trial is to the court or a jury; and (8) the prisoner's probability of success on the merits. *See id.* at 165-66. The movant, regardless of his status as an inmate, bears the sole burden of providing the trial court with factual information pertinent to the issue of whether his interest in appearing outweighs the impact on the justice system. *Id.* The trial court has no independent duty to inquire into relevant facts not provided by the moving party. *Id.* at 166.

Here, although Lawrence was notified of the trial date, he did not provide the trial court with adequate information for it to assess whether to grant his request for a bench warrant. The only pertinent information contained in his request for a bench warrant is that he "is being held without bond by and confined in the Brazoria County Detention Center in Angleton, Brazoria County, Texas by the Sheriff of Brazoria County." When, as here, the inmate fails to present sufficient information for the trial court to evaluate his bench warrant request under the *Z.L.T.* factors, the trial court does not abuse its discretion in denying the request. *See id.*; *Risley v. Alvarez*, No. 14-10-00015-CV, 2011 WL 397948, at *6 (Tex. App.—Houston [14th Dist.] Feb. 8, 2011, pet. denied) (mem. op.); *Baugh v. Baugh*, No. 14-07-00391-CV, 2008

WL 2068081, at *3 (Tex. App.—Houston [14th Dist.] May 15, 2008, no pet.) (mem. op.).

Lawrence's motion for a bench warrant, liberally construed, arguably includes a request that he be allowed to appear by alternate means, if the court determined that his personal appearance was inappropriate or not warranted. As the supreme court observed in *Z.L.T.*, however, it is the inmate's burden to provide factual information showing why his interest in appearing outweighs any impact on the correctional system, and trial courts have no independent obligation to inquire beyond the scope of the inmate's request for relief. *Z.L.T.*, 124 S.W.3d at 166; *Ringer v. Kimball*, 274 S.W.3d 865, 869 (Tex. App.—Fort Worth 2008, no pet.); *Graves v. Atkins*, No. 01-04-00423-CV, 2006 WL 3751612, at *3 (Tex. App.— Houston [1st Dist.] Dec. 21, 2006, no pet.) (mem. op.). Lawrence's motion is silent as to why he should be entitled to appear by video conference or telephone. Thus, we cannot say that the trial court abused its discretion by denying Lawrence's request, if any, to appear by alternate means.[3]

---

[3] *Accord J.G. v. Tex. Dep't of Family & Protective Servs.*, 592 S.W.3d 515, 522 (Tex. App.—Austin 2019, no pet.) ("[T]he inmate has the sole burden to 'request access to the court through these alternate means and to demonstrate why a trial court should authorize them.'") (quoting *Brown v. Preston*, No. 01-16-00556-CV, 2017 WL 4171896, at *3 (Tex. App.—Houston [1st Dist.] Sept. 21, 2017, no pet.) (mem. op.)); *In re J.M.L.P.*, No. 06-15-00043-CV, 2015 WL 7540553, at *3-4 (Tex. App.—Texarkana Nov. 25, 2015, pet. denied) (mem. op.) (when inmate provided no information regarding whether video conferencing technology was available at prison unit, whether he had access to video or telephone conferencing, or any contact information for the appropriate authorities at his unit, trial court did not abuse its discretion in denying motion to participate by telephone or video conference); *In re T.R.C., Jr.*, No. 13-11-00616-CV, 2012 WL 3537828, at *3 (Tex. App.—Corpus Christi Aug. 16, 2012, no pet.) (mem. op.) (overruling inmate's issue contending trial court abused its discretion by not allowing him to appear by "other effective means" in part because inmate provided "no factual support . . . that would demonstrate to the trial court why it should authorize such an alternate appearance"); *Ringer*, 274 S.W.3d at 869 (when inmate failed to explain what his testimony would establish, why it would be helpful, or how he was harmed by not being allowed to testify, trial court did not abuse its discretion by implicitly denying motion to appear by video conference); *Graves*, 2006 WL 3751612, at *3

Because Lawrence's bench warrant motion does not address the *Z.L.T.* factors, the trial court did not abuse its discretion in denying the motion. Accordingly, we overrule his first issue.

## B.     Right to Jury Trial

Lawrence also mentions that he timely requested a jury trial and filed a financial statement claiming indigence. To the extent he complains that the trial court's denial of his right to a jury trial is error, we disagree.

The right to a jury trial is guaranteed by the Texas Constitution. *See* Tex. Const. art. I, § 15 (stating "[t]he right of trial by jury shall remain inviolate"). In civil cases, the right to a jury trial is not automatic and instead arises only when a party has demanded a jury trial and paid the applicable jury fee. *In re J.N.F.*, 116 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We review a trial court's refusal to grant a jury trial for an abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

A party desiring a jury trial must make a written request for it not less than thirty days before the date set for trial of the cause on the non-jury docket. Tex. R. Civ. P. 216(a). A party must also deposit a fee with the clerk of the court within the time for making a written request for a jury trial. Tex. R. Civ. P. 216(b). A party who is unable to afford the deposit for the jury fee shall file an affidavit to that effect within the time for making such deposit, and the court shall then order the clerk to enter the suit on the jury docket. Tex. R. Civ. P. 217. An inmate, such as Lawrence, may file an unsworn declaration in lieu of this affidavit. Tex. Civ. Prac. & Rem. Code § 132.001; *see J.N.F.*, 116 S.W.3d at 431.

---

(explaining that "the burden rests squarely on the prisoner-inmate to request access to the court through these alternate means and to demonstrate why a trial court should authorize them").

Here, Lawrence does not dispute that he did not pay the jury fee, and he did not file a declaration of an inability to pay costs until *after* the trial court signed the divorce decree; i.e., *after* the trial.[4] Accordingly, Lawrence's complaint that the trial court violated his right to a jury trial lacks merit. *E.g.*, *Aberegg v. Ceschan*, No. 05-12-01000-CV, 2014 WL 2921657, at *2 (Tex. App.—Dallas June 25, 2014, no pet.) (mem. op.); *see also Taylor v. Taylor*, 63 S.W.3d 93, 100-02 (Tex. App.—Waco 2001, pet. denied) (holding that trial court abused its discretion by denying inmate's request for jury trial where inmate "filed his jury demand *and declaration [of inability to pay costs] more than thirty days before trial*").

We overrule his jury trial complaint.

## C. Failure to Rule on Motions

Lawrence also states in his brief that he had "a total of 12 motions and/or writs that went unheard, each one raising another point of error, that could all be backed up by case log and addressed accordingly." As noted above, however, none of Lawrence's motions were set for a hearing or submission.

To preserve a complaint on appeal concerning a trial court's refusal to rule, the record must show that the party presented the motion to the trial court. *See* Tex. R. App. P. 33.1(a); *see also Ballard v. King*, 652 S.W.2d 767, 769 (Tex. 1983) ("A point of error based on the trial court's ruling on a motion of any kind must be supported by a showing in the record that the motion was presented to and acted upon by the trial court."); *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). The mere fact that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's

---

[4] At the start of the bench trial, the trial court noted on the record that Lawrence had not paid the jury fee or filed "a declaration or affidavit of inability to pay costs."

attention or presented to the trial court with a request for a ruling.  *See Murphree v. Cooper*, No. 14-11-00416-CV, 2012 WL 2312706, at *1 (Tex. App.—Houston [14th Dist.] June 19, 2012, no pet.) (mem. op.); *Smith*, 263 S.W.3d at 96.  Presentation requires that the motion be set for submission or scheduled for hearing so that the movant's request actually comes to the trial court's attention.  *E.g.*, *Moore v. Carder*, No. 01-22-00156-CV, 2023 WL 3102582, at *2 (Tex. App.—Houston [1st Dist.] Apr. 27, 2023, no pet.) (mem. op.); *O'Kane v. Chuoke*, No. 01-05-00523-CV 2007 WL 926494, at *3 (Tex. App.—Houston [1st Dist.] Mar. 29, 2007, no pet.) (mem. op.) (holding that ruling on motion for continuance was not preserved for review when movant did not set motion for consideration by submission or hearing).

Lawrence's pro se status does not excuse him from these preservation-of-error requirements.  *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) ("[P]ro se litigants are not exempt from the rules of procedure."); *Jackson v. Jackson*, No. 14-07-00917-CV, 2009 WL 1124354, at *2 (Tex. App.—Houston [14th Dist.] Apr. 28, 2009, no pet.) (mem. op.).  Although Lawrence filed numerous motions, the record does not reflect that he set the motions for hearing or otherwise brought them to the trial court's attention.  Thus, Lawrence has not preserved this issue for our review.  *E.g.*, Tex. R. App. P. 33.1(a); *Noel v. Oakbend Med. Ctr.*, No. 01-21-00206-CV, 2022 WL 3031347, at *7-8 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, pet. denied) (mem. op.); *In re T.J.S.*, No. 05-15-00138-CV, 2016 WL 4131959, at *5 (Tex. App.—Dallas Aug. 2, 2016, no pet.) (mem. op.).

Because this issue presents nothing for our review, we overrule it.

## Conclusion

Having overruled Lawrence's issues, we affirm the trial court's judgment.


/s/    Kevin Jewell
           Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell.